

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable W. A. Davis
State Registrar
State Board of Health
Austin, Texas

Dear Sir:

Opinion No. O-5429
Re: Should a birth certificate
prepared for an adopted
child, showing the names
of the adoptive parents,
and approved by the county
judge, be accepted by the
State Registrar in lieu of
the certified copy of adop-
tion decree provided for by
paragraph 26 of Rule 47a
of Article 4477, Vernon's
Revised Civil Statutes?

And a related question.

You have submitted to us for examination a birth cer-
tificate sent to you by Honorable Roy Hofheinz, County Judge
of Harris County, with the following explanation by Judge Hof-
heinz:

"I am enclosing the improvised pink and blue
adoption birth certificate . . .

"This is the kind of case where no legal adop-
tion proceedings were ever effected, but the child,
in fact, was adopted by the parents as shown on the
certificate."

"In view of the fact that the applicant does
not know she is an adopted child, will you be kind
enough to prepare a Registrar's Certificate setting
out that . . . is the natural child of . . . and
. . ." (We have omitted the names of the adopted
child and adoptive parents.)

Honorable W. A. Davis, page 2

The certificate enclosed shows the last name of the adopted child to be the same as that of the adoptive father, gives the names of the adoptive father and mother, is verified by the affidavits of the adoptive father and another person not related to the child, and bears the order of Judge Hofheinz that it be accepted by the Registrar for filing in the State Bureau of Vital Statistics. You ask:

"Will you please advise me if such certificate as the one mentioned above, with the letter attached, should be accepted in lieu of the certified copy of the adoption decree filed with the Clerk of the District Court, and should the State Registrar remove from the file, if found, the certificate of the natural birth and insert in its place a certificate showing the adopting parents as the natural parents of the child as provided for in H. B. 732, (1935)."

The House Bill 732 cited by you is now codified as a portion of paragraph 26 of Rule 47a of Article 4477, Vernon's Revised Civil Statutes, providing as follows:

"Provided further, upon entry of final order of adoption the Judge or Clerk of Court shall notify the Registrar of Vital Statistics in State Department of Health of action taken, giving the names and addresses of the natural parents, if known, or of the child's next kin, the date of birth and name of such child before and after adoption and the name and address of foster parents. Said Registrar of Vital Statistics shall likewise be notified of any subsequent revocation of such order of adoption or any annulment of adoption. Copies of all reports of adoptions and reports of revocation of order of adoption and of annulments shall within thirty (30) days after such order be mailed to the Registrar of Vital Statistics of the State Department of Health. Upon receipt of copy of any final order of adoption the State Registrar of Vital Statistics shall cause to be made a record of the birth in the new name or names of the adopting parents or parent. He shall then cause to be sealed and filed the the original certificate of birth,

Honorable W. A. Davis, page 3

if any, with the adoption decree of the Court and such sealed package may be opened only upon order of a Court of record. Upon receipt of copy of annulment of adoption, said Registrar of Vital Statistics shall restore the original name of the child and the names of his natural parents or parent to the record of birth of such child. Provided further that adoption made under existing law prior to the passage of this Act, may be registered with the Bureau of Vital Statistics upon sworn application of either adoptive parent or guardian of the adopted child, show the names and addresses of the natural parents, if known, or of the child's next kin, the date of birth and the name of such child before and after adoption, the names and addresses of foster parents, together with proof of adoption, either by certified copy of the record of the affidavit of adoption, or the Court order of adoption."

This is the only provision of our law permitting a registration such as the one contemplated by the certificate submitted. It clearly contemplates a legal adoption, and lays down specific requirements which must be fulfilled prior to the registration. The certificate submitted does not fulfill these requirements. It is not a certified copy of an order of adoption, nor is it a sworn application of either adoptive parent or guardian of the adopted child, showing "the names and addresses of the natural parents, if known, or of the child's next kin, the date of birth and the name of such child before and after adoption, the names and addresses of foster parents, together with proof of adoption."

It is therefore our opinion that the birth certificate submitted should not be accepted by the State Registrar in lieu of the certified copy of adoption decree provided for by said paragraph 26 of Rule 47a, Article 4477, V. R. C. S.

In view of our answer to your first question, it becomes unnecessary to answer the second.

Honorable W. A. Davis, page 4

      We return herewith the certificate and letters submitted.

APPROVED JUL 26, 1943

FIRST ASSISTANT
ATTORNEY GENERAL

                        Yours very truly

                  ATTORNEY GENERAL OF TEXAS

By

                        W. R. Allen
                        Assistant

WRA:db

Enclosures